**UNITED STATES of America, Appellant,**

v.

**Jack F. GARNER, Appellee.**

**No. 89–2171.**

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1990.

Decided June 28, 1990.

Rehearing and Rehearing En Banc Denied Sept. 10, 1990.

---

1. The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri.

Floyd Mac Dodson, Little Rock, Ark., for appellant.

Samuel A. Perroni, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON, BOWMAN, and MAGILL, Circuit Judges.

BOWMAN, Circuit Judge.

The United States appeals from an Order of the District Court granting Jack F. Garner's motion to suppress marijuana plants seized from his garden. We reverse.

At approximately 3:30 a.m. on August 9, 1988, Security Central, Inc. notified the Pulaski County, Arkansas Sheriff's Department that a residential burglar alarm was sounding at the part-time residence of Jack F. Garner. Officer Ricky Tucker was dispatched to the residence, which is in a rural setting in Pulaski County. Upon arriving at the residence, Officer Tucker heard the alarm sounding. While seated in his patrol car, he used a spotlight to determine if there was any evidence of illegal entry.

As he backed around to continue his visual inspection, Tucker caught a glimpse in his rear view mirror of what he believed to be marijuana. The plants were growing in a garden adjacent to the residence. A hurricane fence five feet high surrounded the garden. Officer Tucker turned his car around so that the headlights would shine directly on the garden. Exiting the squad car, he plucked a leaf from one of the plants, which indeed were marijuana.

Tucker notified his supervisor of his find, who in turn contacted Detective Kirk Lane of the Pulaski County Sheriff's Department's Narcotics and Vice Division. Shortly after arriving at the scene, Lane photographed the garden area. He removed approximately sixty plants and placed them in the trunk of his squad car.

After he was charged with manufacture of marijuana and possession with intent to distribute marijuana, Garner filed a motion to suppress the marijuana plants. In its Order granting Garner's motion, the District Court stated that it was not persuaded that the evidentiary value of the plants was immediately apparent to Officer Tucker and found that Tucker was not sure if the plants were marijuana until he plucked the leaf.

The government contends that Officer Tucker's search was valid under the "plain view" doctrine, and, therefore, the District Court erred by granting Garner's motion to suppress the marijuana plants. "In reviewing the district court's determination made in the context of a motion to suppress, we apply the clearly erroneous standard of review." *United States v. Schoenheit*, 856 F.2d 74, 76 (8th Cir.1988). After a careful assessment of the record, we are convinced that the motion to suppress was granted erroneously as the District Court applied an incorrect legal standard in requiring the officer to be "sure" the plants were marijuana.

■ For evidence legally to be seized pursuant to the "plain view" doctrine, the following three requirements must be satisfied: (1) the initial intrusion must be lawful; (2) the discovery of the evidence must be inadvertent; and (3) the incriminating nature of the evidence must be immediately apparent. *Coolidge v. New Hampshire*, 403 U.S. 443, 465–71, 91 S.Ct. 2022, 2037–41, 29 L.Ed.2d 564 (1971). There is no dispute that the first two requirements have been satisfied in the instant case. Officer Tucker properly was on the premises and inadvertently discovered the marijuana plants. It is the third requirement, that the incriminating nature of the evidence be immediately apparent, about which the parties disagree.

■ The "immediately apparent" standard does not require that a "police officer 'know' that certain items are contraband or evidence of a crime." *Texas v. Brown*, 460 U.S. 730, 741, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983). Rather, it requires "probable cause to associate the property with criminal activity." *Id.* at 741–42, 103 S.Ct. at 1543 (emphasis deleted) (quoting *Payton v. New York*, 445 U.S. 573, 587, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980)). *See Arizona v. Hicks*, 480 U.S. 321, 107 S.Ct. 1149, 1153–54, 94 L.Ed.2d 347 (1987) (explicitly holding that probable cause is required in order to invoke the "plain view" doctrine). Probable cause demands not that an officer be "sure" or "certain" but only that the facts available to a reasonably cautious man would warrant a belief "that certain items may be contraband or

stolen property or useful as evidence of a crime." *Brown*, 460 U.S. at 742, 103 S.Ct. at 1543.

The District Court found that "Tucker was not *sure* if the plants were marijuana until he entered the fenced garden, plucked and examined one of the leaves." Order at 2 (emphasis added).[1] At the suppression hearing, the court stated, "I'm persuaded he picked that leaf in order to make *sure* that it was marijuana. . . ." Transcript at 113 (emphasis added). The "plain view" doctrine, however, does not require surety of Officer Tucker. As heretofore stated, the officer needed only probable cause to associate the plants with criminal activity. *See Brown*, 460 U.S. at 741–42, 103 S.Ct. at 1542–43.

Tucker testified at the suppression hearing that the moment the lights illuminated the suspicious plants,[2] he "automatically knew what the stuff was. And it was marijuana." Transcript at 26–27. Asked when he thought the plants were marijuana, he stated, "Just as soon as I turned around and got my lights right on it. I knew it was marijuana then." Transcript at 58. The incriminating nature of the plants immediately became apparent to this experienced police officer who was trained in the recognition of marijuana and personally had seized marijuana plants in previous police encounters. The third requirement of the "plain view" doctrine thus was satisfied. Accordingly, we hold that the "plain view" doctrine justified the seizure of the marijuana plants.[3]

---

1. The District Court concluded that it was impossible physically for Officer Tucker to have reached into the garden to pluck the leaf, and that it therefore was necessary for the officer to enter the fenced garden. The court likened Tucker's plucking and examination of the leaf to the actions of the officer in *Arizona v. Hicks*, 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987). In *Hicks*, the Supreme Court held that an officer's moving of stereo equipment in order to record the serial numbers was not supported by probable cause. *Id.* 107 S.Ct. at 1153–54. Because we are firmly convinced that Officer Tucker had probable cause to believe the plants were marijuana when his lights brightened the garden, we conclude that he was fully justified in entering the garden to pluck a specimen. We note that unlike the stereo equipment in *Hicks*, a

marijuana plant's "serial number"—its unique configuration—is clearly visible to the naked eye. Hence, Tucker's actions were entirely consistent with the distinction made by the Court in *Hicks* between looking at an object in plain view and moving it even a few inches to ascertain its status as evidence of a crime. *Id.* at 1152.

2. It is well established that use of a searchlight "is not prohibited by the Constitution." *United States v. Lee*, 274 U.S. 559, 563, 47 S.Ct. 746, 748, 71 L.Ed. 1202 (1927).

3. Our conclusion that the United States properly invoked the "plain view" doctrine in this case relieves us from addressing Garner's contention that the ultimate warrantless seizure of the marijuana plants violated his rights under the

The order of the District Court granting Garner's motion to suppress is reversed.

Fourth Amendment. "The [plain view] doctrine ... permits the warrantless seizure." *Coolidge,*

403 U.S. at 466, 91 S.Ct. at 2038.