UNITED STATES of America, Appellee,

v.

Walter Leslie HUGHES, a/k/a Walter Leslie Richardson, Appellant.

No. 90–5323.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1991.

Decided July 23, 1991.

Certiorari Denied Oct. 7, 1991.

See 112 S.Ct. 267.

Paul Engh, Minneapolis, Minn., for appellant.

Jon M. Hopeman, argued (Jerome G. Arnold, Jon M. Hopeman and Denise Reilly, on brief), Minneapolis, Minn., for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

FAGG, Circuit Judge.

A jury convicted Walter Leslie Hughes of two counts of aiding and abetting the distribution of cocaine, two counts of possession with the intent to distribute cocaine, two counts of distribution of cocaine, and one count of conspiracy to distribute cocaine. The district court sentenced Hughes to concurrent terms of ten years imprisonment on each of these counts. Hughes also was convicted on one count of possession of a firearm in relation to a drug trafficking crime and was sentenced to a term of five years to run consecutively with his other sentences.

Hughes contends the district court committed error in denying his motion to suppress approximately seven ounces of cocaine used to support one possession count and the gun used to support the firearm count. Officers seized these items during a search of a residence conducted with a valid search warrant issued for the purpose of locating stolen property. After the officers found all the property named in the warrant except a necklace, they found the gun under a bed and the cocaine in the pocket of a man's coat. Hughes argues the officers' seizure of the gun and cocaine violated the Fourth Amendment because the search exceeded the objective of the warrant, which did not name these items.

We conclude the gun and cocaine were properly seized under the plain view doctrine. This doctrine allows a police officer to seize evidence without a warrant when (1) "the officer did not violate the

Fourth Amendment in arriving at the place from which the evidence could be plainly viewed," (2) the object's incriminating character is immediately apparent, and (3) the officer has "a lawful right of access to the object itself." *Horton v. California,* — U.S. —, 110 S.Ct. 2301, 2308, 110 L.Ed.2d 112 (1990); *see also United States v. Wayne,* 903 F.2d 1188, 1195–96 (8th Cir. 1990) (pre-*Horton* case). The discovery of evidence in plain view need not be inadvertent. *Horton,* 110 S.Ct. at 2304, 2308 (eliminating inadvertence requirement of plurality in *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)).

We now turn to the plain view analysis. First, the officers did not violate the Fourth Amendment by looking in the places the gun and cocaine were found. The officers gained entry to the residence under a properly issued warrant, and although the gun and cocaine were hidden, the officers had a right to look where they discovered this evidence. *United States v. Johnson,* 707 F.2d 317, 322 (8th Cir.1983). A lawful search extends to all areas and containers in which the object of the search may be found. *United States v. Ross,* 456 U.S. 798, 820–21, 102 S.Ct. 2157, 2170–71, 72 L.Ed.2d 572 (1982); *United States v. Johnson,* 709 F.2d 515, 516 (8th Cir.1983) (per curiam). Here, the officers found the gun under a bed and the cocaine in a coat pocket. The necklace could have been concealed in these places. Contrary to Hughes's assertion, his wife's disclosure of the necklace's location did not reduce the otherwise permissible scope of the officers' search. The district court's finding that Hughes's wife did not make the statement is not clearly erroneous. Even if Hughes's wife did tell the officers the necklace was in the jewelry box, the officers' search was consistent with the Fourth Amendment. Hughes's wife did not produce the necklace, *see Horton,* 110 S.Ct. at 2310 (when items named in warrant are produced immediately, officers cannot search for unnamed items), and the officers were not required to accept the word of Hughes's wife and alter the sequence of their search in places Hughes may have hidden the necklace, *see United States v. Chadwell,* 427 F.Supp. 692, 696 (D.Del.1977).

Second, the incriminatory nature of the gun and cocaine was immediately apparent. Cocaine is contraband, and the officers had probable cause to associate the gun with criminal activity. *See Wayne,* 903 F.2d at 1196. Third, the warrant to enter the residence to search for the necklace and other stolen property gave the officers a lawful right of access to the gun and cocaine. *See Horton,* 110 S.Ct. at 2308 and n. 7. Because the warrant authorized the officers' search of the places they found the gun and cocaine, and the plain view doctrine authorized the seizure of these incriminating objects, we conclude the district court properly admitted the gun and cocaine into evidence.

We also reject Hughes's remaining arguments. Hughes argues the evidence was insufficient to connect him to the cocaine and gun or to connect the gun to the drug crimes. Hughes also argues the district court improperly instructed the jury that proof of actual or constructive possession of drugs and a firearm may be sufficient to establish the firearm was used in a drug trafficking crime. Finally, Hughes argues the evidence was insufficient to support his conviction on any of the counts.

Ample evidence connected the gun and cocaine to Hughes, including testimony that he stayed at the house and the fact that the coat in which police found the cocaine belonged to Hughes. The fact that the gun was found in a house containing a distributable amount of cocaine and in a room containing cash proceeds from cocaine sales provided sufficient evidence to establish the gun was used in drug crimes. *See United States v. Curry,* 911 F.2d 72, 79–80 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 980, 112 L.Ed.2d 1065 (1991). The trial court's instruction to the jury was thus an accurate statement of the law. Hughes's remaining contentions concerning the sufficiency of the evidence are without merit.

Accordingly, we affirm.