972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America Appellee,
v.
Anthony Lon LITSCH, Appellant.
 No. 92-1606WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 4, 1992.
Filed: August 11, 1992.
 
 Before Fagg, Beam, and Morris Sheppard Arnold, Circuit Judges.
 
 PER CURIAM
 
 1
 A jury convicted defendant of one count of possession of methamphetamine with intent to distribute, one count of use of firearms during and in relation to a drug trafficking crime, and one count of possession of an unregistered sawed-off shotgun. Defendant appeals the latter two convictions arguing that the seizure of his firearms was unconstitutional and therefore that they should not have been admitted into evidence. He also argues that the district court[1] should have directed a verdict of not guilty on the count charging the use of a firearm because he merely possessed the weapons found.
 
 
 2
 Defendant argues that the firearms were unlawfully seized, and therefore should have been suppressed, because the state judge who issued the warrant deleted from it any language authorizing the seizure of firearms. The judge's decision to delete this language, defendant argues, precluded the police from seizing anything other than methamphetamine unless they sought and obtained another search warrant.
 
 
 3
 Defendant's argument is unconvincing. Under the plain view doctrine, evidence may be seized without a warrant when (1) the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed; (2) the object's incriminating character was immediately apparent; and (3) the officer had a lawful right of access to the object itself. United States v. Hughes, 940 F.2d 1125, 1126-27 (8th Cir.), cert. denied, 112 S.Ct. 267 (1991) (citing Horton v. California,-U.S.-, 110 S.Ct. 2301, 2308, 110 L.Ed.2d 112 (1990)). First, the officers in this case entered the house pursuant to a properly-issued search warrant. See Hughes, 940 F.2d at 1127. Second, the incriminating nature of the firearms-they were found in the presence of drugs, $2000 in cash, and scales-was immediately apparent for the reason that "[j]ust as weapons are kept at the ready to protect military installations against potential enemy attack, so too may weapons be kept at the ready to protect a drug house, thereby safeguarding and facilitating illegal transactions." United States v. Matra, 841 F.2d 837, 842 (8th Cir. 1988). The incriminating nature of the illegal sawed-off shotgun was also immediately apparent. Third, the officers' search properly extended to all areas and containers in which the object of their search might be found. See Hughes, 940 F.2d at 1127. The police officers thus did not need a warrant to seize the firearms.
 
 
 4
 The second question concerns the sufficiency of the evidence for defendant's use of a firearm conviction. The relevant statute imposes five years additional imprisonment on anyone who "during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm." 18 U.S.C. § 924(c)(1). Eighth Circuit cases take the position that "use" may be inferred from presence and availability of a firearm. "The presence and availability [of the firearm] in light of the evident need demonstrates [sic] the use of the firearm to commit the felony." Matra, 841 F.2d at 842 (quoting United States v. LaGuardia, 774 F.2d 317, 321 (8th Cir. 1985)). Brandishing or discharging the weapon is not required. Id. at 843. Actual possession is also not required as long as the weapon is under the defendant's control; the gun need not be within physical reach to be available for use to protect the drug supply. Id. at 842-43. In Matra, for example, it was sufficient that the defendant possessed a key to a locked room containing a machine gun. Here, numerous firearms were readily available to protect the drugs. Three firearms were in close proximity to the methamphetamine, the money, and the scales that were found. This evidence is sufficient to sustain a verdict that defendant intended physically to employ the guns to effect his criminal purpose or to escape, and thus that the guns were "used" in drug trafficking within the meaning of the statute. See United States v. Lyman, 892 F.2d 751, 753 (8th Cir. 1989).
 
 
 5
 Defendant also argues that "knowingly" was improperly added to modify "use" in the jury instructions. We fail to see how this could have possibly prejudiced the defendant. In any case, he failed to preserve this point for review. See T. 248-49; Fed. R. Crim. P. 30.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Howard F. Sachs, Chief United States District Judge for the Western District of Missouri