United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-1470

United States of America,                    *
                                             *
            Appellee,                        *
                                             *    Appeal from the United States
      v.                                     *    District Court for the
                                             *    Eastern District of Arkansas.
Raymond Earl Combee,                         *
                                             *    **[UNPUBLISHED]**
            Appellant.                       *

_____

Submitted: August 7, 1997
Filed: August 25, 1997

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

In April 1995, a confidential informant working with Pulaski County Deputy Sheriff Chris Smith engaged in a controlled purchase of methamphetamine from Raymond Earl Combee. Smith then arrested Combee, who was charged in Pulaski County Municipal Court with drug-trafficking offenses. These charges were later noll-prossed, and in May 1996, a federal grand jury charged Combee in a two-count indictment with distributing methamphetamine, and with possessing methamphetamine with intent to distribute, both in violation of 21 U.S.C. § 841(a)(1). Combee moved to suppress evidence seized following his arrest, and to dismiss the indictment on speedy-

trial grounds. In November 1996, the district court[1] held a suppression hearing and bench trial, at the conclusion of which the court denied Combee's pretrial motions and found him guilty as charged. At sentencing, the court refused to depart downward from the applicable Guidelines range based on Combee's physical ailments. Combee appeals the denial of his pretrial motions and the district court's refusal to depart. We affirm.

We review de novo the denial of a motion to suppress, although we review findings of historical fact only for clear error. See United States v. Weinbender, 109 F.3d 1327, 1329 (8th Cir. 1997). Smith testified that he and the confidential informant entered Combee's trailer home after Combee's girlfriend invited them inside to wait for him. When Combee arrived moments later, he indicated that he would be willing to sell drugs to the confidential informant for redistribution to Smith. Combee then stepped away with the informant--who had been given funds for the purchase and had been searched for drugs--and engaged in an exchange. The confidential informant returned to Smith and gave him a baggie of methamphetamine. At that point, Smith arrested Combee, and during an ensuing pat-down search, discovered additional methamphetamine in Combee's jacket.

Based on this testimony, which the district court credited, see United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993), we conclude the court did not err in denying Combee's motion to suppress, see Conrad v. Davis, 1997 WL 398569, at *4 (8th Cir. July 17, 1997) (because custodial arrest of suspect based on probable cause is reasonable intrusion under Fourth Amendment, search incident to arrest requires no additional justification (cited case omitted)); United States v. Scott, 91 F.3d 1058, 1061 (8th Cir. 1996) (in determining whether probable cause exists to make warrantless

---

[1]The HONORABLE WILLIAM R. WILSON, JR., United States District Judge for the Eastern District of Arkansas.

arrest, court looks to totality of circumstances to see whether prudent person would believe individual had committed or was committing crime).

We also affirm the denial of Combee's motion to dismiss the indictment. We agree with the district court that the time lapse between Combee's arrest by Pulaski County officials and his federal indictment and trial did not violate his statutory right under 18 U.S.C. § 3161(b), see United States v. Beede, 974 F.2d 948, 950-51 (8th Cir. 1992) (state arrest does not trigger the statutory thirty-day period), cert. denied, 506 U.S. 1067 (1993), or his constitutional rights. See United States v. Walker, 92 F.3d 714, 717 (8th Cir. 1996) (Sixth Amendment speedy-trial factors); Bennett v. Lockhart, 39 F.3d 848, 851 (8th Cir. 1994) (Due Process Clause and pre-indictment delay), cert. denied, 514 U.S. 1018 (1995).

Finally, after carefully reviewing the sentencing transcript, we conclude that the district court was fully aware of its authority to depart under U.S.S.G. § 5H1.4, p.s. (1995) (departure based on defendant's extraordinary physical impairment), and made an unreviewable discretionary decision not to do so. See United States v. Field, 110 F.3d 587, 591 (8th Cir. 1997).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-