# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-2973

_____

Jo Ann Eubanks, As Administratrix   *
of The Estate of  Joseph Daniel Dehart,   *
Deceased,   *

  *

    Plaintiff - Appellee,   * Appeal from the United States
            * District Court for the
  v.   * Eastern District of Arkansas.
            *
Gary Lawson,   *
            *
    Defendant - Appellant.   *

_____

Submitted:  April 15, 1997
Filed:  August 28, 1997

_____

Before MORRIS SHEPPARD ARNOLD, JOHN R. GIBSON, and MAGILL, Circuit
   Judges.

_____

JOHN R. GIBSON, Circuit Judge.

  Sheriff Gary Lawson appeals from an order of the district court[1] denying his motion for summary judgment in Jo Ann Eubanks's 42 U.S.C. § 1983 lawsuit against

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

him. Lawson argues that the district court erred in using the wrong legal standard to determine whether he is entitled to qualified immunity. We affirm.

In the early morning hours of February 28, 1993, several men attacked Joseph Daniel Dehart and his brother, Carroll Joe Eubanks, in a rural part of Perry County, Arkansas. In that attack Dehart was stabbed, and Carroll Joe Eubanks loaded Dehart into his truck and started for the hospital.

Noise from the attack awoke residents who called the Perry County Sheriff, and Sheriff Lawson responded to their call. While driving to the location of the attack, Lawson received a message on his radio that another officer had spotted Carroll Joe Eubanks's truck leaving the scene of the attack. Lawson told the officer to stop the truck. Not long after, Lawson drove to where the officer had stopped the truck.

Lawson immediately noticed Dehart's injuries and called for an ambulance. Lawson spoke with Carroll Joe Eubanks about what had happened. Carroll Joe Eubanks repeatedly asked Lawson to allow him to take Dehart on to the hospital. Lawson, however, required everyone to wait for the arrival of the ambulance. After Lawson talked to Carroll Joe Eubanks, neither Lawson nor any of his later arriving deputies conducted any further investigation.

Jo Ann Eubanks, who is the mother of Carroll Joe Eubanks and Dehart, arrived at the scene before the ambulance. Dehart asked his mother to take him to the hospital. Lawson refused to allow Jo Ann Eubanks to take her son to the hospital because Lawson had already decided that everyone should wait for the ambulance.

The ambulance arrived and picked up Dehart. Dehart died later that morning.

Jo Ann Eubanks as administratrix of Dehart's estate brought this action claiming that Lawson violated Dehart's Fourth Amendment and Fourteenth Amendment rights

by unreasonably detaining Dehart. Lawson moved for summary judgment based on his qualified immunity. The district court held that Lawson was entitled to qualified immunity for stopping the truck and initially detaining Dehart.[2] The court determined, however, that there was a genuine issue of material fact as to whether Lawson learned while he detained Dehart that Dehart had not committed a crime but was only the victim of a crime. The court concluded that if Lawson continued to detain Dehart after learning that Dehart was only the victim of a crime, then Lawson's continued detainment of Dehart was unreasonable and Lawson was not entitled to qualified immunity for that action. Lawson appeals.

We review the district court's denial of summary judgment de novo and apply the same standards as the district court. See Miller v. Citizens Sec. Group, Inc., 116 F.3d 343, 345 (8th Cir. 1997). Summary judgment is appropriate if there are no genuine issues of material fact and Lawson is entitled to judgment as a matter of law. See id. We view all the evidence in the light most favorable to Jo Ann Eubanks, and give her the benefit of all reasonable inferences. See id. Jo Ann Eubanks can establish a genuine issue of material fact by presenting evidence that would permit a reasonable jury to return a verdict for her on that issue. See id.

Qualified immunity shields Sheriff Lawson from liability for civil damages as long as his conduct did not violate Dehart's clearly established constitutional rights. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For a constitutional right to be clearly established, the contours of that right must be sufficiently clear and specific that a reasonable law enforcement officer would understand that what he is doing violates that right. See Anderson v. Creighton, 483 U.S. 635, 640 (1987). If a reasonable officer, acting on the information that was available to Lawson, would have known that

---

[2]Jo Ann Eubanks does not appeal from the district court's ruling that Lawson is entitled to qualified immunity from the time he stopped Dehart to that moment in time when the Constitution clearly required Lawson to let Dehart go.

his actions violated clearly established law, then Lawson is not entitled to qualified immunity.  See Hummel-Jones v. Strope, 25 F.3d 647, 652 (8th Cir. 1994).

When Lawson detained Dehart it was clearly established under the Fourth Amendment that an officer of the law could only arrest someone if the officer had probable cause to arrest that person.  See United States v. Miller, 974 F.2d 953, 956 (8th Cir. 1992).  An officer could stop someone to investigate a crime, but only if the officer had a reasonable suspicion that that person had committed or was committing a crime.  See id.  An investigative stop may only last so long as is necessary to conduct a reasonable investigation.  See United States v. Willis, 967 F.2d 1220, 1224 (8th Cir. 1992).  Because an investigative stop is supported by less than probable cause, an officer must diligently investigate and use the least intrusive means reasonably available to confirm or dispel his suspicion in a short period of time.  See United States v. Sharpe, 470 U.S. 675, 685-86 (1985).  An investigative stop may become an arrest requiring probable cause if it lasts for an unreasonably long time.  See Miller, 974 F.2d at 956.

Lawson argues that the district court erred in applying the wrong legal standard to determine if he was entitled to qualified immunity.  Lawson contends that once he stopped the truck in which Dehart was riding, Dehart became a pretrial detainee.  As a pretrial detainee, Lawson argues Dehart had the clearly established right that Lawson not be deliberately indifferent to Dehart's medical needs.  Lawson concludes that he was not deliberately indifferent because he immediately called for an ambulance, and therefore he is entitled to qualified immunity.

We reject Lawson's argument because it ignores the issue of whether Lawson detained Dehart longer than the Constitution allows.  Lawson does not argue that he had probable cause to arrest Dehart during his detention of Dehart, and the record would not support such an argument.  The record shows that initially Lawson's stop of the truck was a valid investigative stop supported by a reasonable suspicion that Dehart

-4-

and his brother had committed a crime. Once stopped, Dehart had the clearly established rights that Lawson could only detain him if Lawson had reasonable suspicion or probable cause, and that Lawson could not detain him without probable cause for an unreasonably long time.

There is evidence sufficient to create a genuine issue as to whether Lawson violated clearly established law in two different ways. Lawson may have violated clearly established law by continuing to detain Dehart after a reasonable officer would have known that Dehart had not committed a crime. Lawson and Carroll Joe Eubanks testified that Lawson spoke with Carroll Joe Eubanks about what had happened. Carroll Joe Eubanks further testified that what had happened to Dehart was that two men had attacked and stabbed Dehart.[3] Carroll Joe Eubanks stated that after telling Lawson what had happened, he asked Lawson to allow him to take Dehart to the hospital and that Lawson refused to let him do so. Jo Ann Eubanks also testified that Dehart asked her to take him to the hospital and Lawson refused to allow her to do so. Viewing the evidence in the light most favorable to Jo Ann Eubanks, we conclude that Lawson continued to detain Dehart after a reasonable officer would have known that Dehart had not committed a crime. See Brown v. Texas, 443 U.S. 47, 53 (1979). See also United States v. Watts, 7 F.3d 122, 126 (8th Cir. 1993) ("[A]n investigative stop must cease once reasonable suspicion or probable cause dissipates."), cert. denied, 510 U.S. 1078 (1994).

Lawson may also have violated clearly established law by conducting an unreasonably long investigative stop. The Fourth Amendment required Lawson to

---

[3]A reasonable officer is not required to believe everything he is told. See United States v. Hughes, 940 F.2d 1125,1127 (8th Cir.), cert. denied, 502 U.S. 896 (1991). The record shows, however, that Lawson and another officer present knew Carroll Joe Eubanks, Dehart, and their attackers and this evidence has some bearing on the issue of whether a reasonable officer under the circumstances would have believed Carroll Joe Eubanks and therefore known that Dehart had not committed a crime.

conduct his investigation quickly and either arrest Dehart based on probable cause or release Dehart. Lawson investigated by talking to Carroll Joe Eubanks about what had happened. After speaking with Carroll Joe Eubanks, Lawson conducted no further investigation, and yet Lawson continued to detain Dehart without probable cause to arrest Dehart. Under the Fourth Amendment Lawson could not constitutionally detain Dehart without probable cause once he had finished his investigation, and it was a violation of clearly established law for Lawson to prevent others from taking Dehart to the hospital when Lawson had no constitutional authority to continue to detain Dehart.

Even if Lawson continued to investigate after he spoke to Carroll Joe Eubanks, there is a genuine issue as to whether Lawson violated clearly established law. The Fourth Amendment requires that Lawson use the least intrusive means reasonably available to confirm or dispel his reasonable suspicion in a short period of time. Lawson has not argued that it was reasonably necessary for him to detain Dehart in order to conduct his investigation, and the record would not support such an argument. The record suggests that Lawson could have dispelled his reasonable suspicion by briefly questioning Carroll Joe Eubanks. Cf. Adams v. Williams, 407 U.S. 143, 146 (1972) ("A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time."). The evidence in the record also suggests that Lawson detained Dehart for thirty to forty minutes, well beyond the time reasonably necessary for questioning Carroll Joe Eubanks. Viewing the evidence in the light most favorable to Jo Ann Eubanks, we conclude that Lawson's detention of Dehart violated clearly established law by exceeding the permissible scope of an investigative stop.

We recognize that the United States Supreme Court and this court have upheld the constitutionality of rather lengthy investigative stops. See, e.g., United States v. Montoya de Hernandez, 473 U.S. 531 (1985); United States v. Bloomfield, 40 F.3d

910 (8th Cir. 1994) (en banc), <u>cert. denied</u>, 514 U.S. 1113 (1995). These decisions do not control this case because it was reasonably necessary to detain the suspects in those cases for a long period of time so that the officers could conduct their investigations. <u>See</u> <u>Montoya de Hernandez</u>, 473 U.S. at 543-44 (officers held suspect for sixteen hours waiting for suspect to have bowel movement after concluding that the suspect had swallowed balloons containing cocaine); <u>Bloomfield</u>, 40 F.3d at 917 (officer held suspect and his truck for one hour waiting for other officers to bring a drug dog to sniff suspect's truck for the presence of drugs). Again, Lawson has not argued that he needed to detain Dehart after he spoke with Carroll Joe Eubanks so that he could conduct a reasonable investigation, and the record would not support such an argument.

We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-