United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1884

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　Appellee,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　Western District of Missouri.
Wayne A. Gibson,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　　　　[UNPUBLISHED]
　　　　Appellant.　　　　　　　　*

_____

Submitted:　August 22, 1997
Filed:　September 9, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.


While performing drug interdiction duties at the Kansas City, Missouri Amtrak station, Kansas City police detectives Larry Cridlebaugh and Lee Richards found cocaine base in Wayne A. Gibson's possession. Cridlebaugh arrested Gibson, who was later charged with one count of possessing fifty grams or more of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (1994).  Gibson moved to suppress

evidence obtained during a search of his luggage. Following

a suppression hearing, the District Court[1] concluded that Gibson's encounter with the police was consensual and denied the motion. Gibson then entered a conditional plea of guilty, reserving his right to appeal the denial of his pretrial motion to suppress, and the District Court sentenced Gibson to 262 months' imprisonment and five years' supervised release. Gibson appeals the denial of his motion to suppress, arguing that a consensual citizen-police encounter became an unconstitutional investigatory stop when police detained him without any reasonable suspicion of criminal activity. We affirm.

We review de novo the denial of a motion to suppress, but we review findings of historical fact only for clear error. See United States v. Weinbender, 109 F.3d 1327, 1329 (8th Cir. 1997). Based on the testimony of detectives Cridlebaugh and Richards, which the District Court credited, that court's findings that Gibson's encounter with the detectives was consensual and that Gibson freely consented to the search that led to the discovery of the cocaine base in his possession are not clearly erroneous. Accordingly, the District Court did not err in denying Gibson's motion to suppress.

The conviction resulting from Gibson's plea of guilty is affirmed.

A true copy.

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.