# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1963

_____

United States of America,               *
                                         *
              Appellee,                  *
                                         *   Appeal from the United States
       v.                                *   District Court for the
                                         *   District of Nebraska.
Mark E. Pulsifer,                        *      [UNPUBLISHED]
                                         *
              Appellant.                 *

_____

Submitted:  September 4, 1998

Filed:   September 10, 1998

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

       Mark Pulsifer was charged with being a felon in possession of a firearm, in
violation of 18 U.S.C. § 922(g).  He moved to suppress the firearm, but the district
court[1] denied the motion after a hearing.  Pulsifer then entered a conditional plea of

_____

       [1]The Honorable Lyle E. Strom, United States District Judge for the District of
Nebraska adopting the report and recommendations of the Honorable Thomas D.
Thalken, United States Magistrate Judge for the District of Nebraska.

guilty, and the district court[2] sentenced him to 46 months' imprisonment and 3 years' supervised release. Pulsifer now appeals the denial of his motion to suppress.

We review that ruling de novo but we review findings of historical fact only for clear error. See United States v. Weinbender, 109 F.3d 1327, 1329 (8th Cir. 1997). At the suppression hearing, police officers Bradley Wood and Thomas Payne testified that they had responded to a call from Pulsifer's residence regarding a possible domestic disturbance. Wood was aware that Pulsifer had been convicted for assaulting a police officer. While they were en route, the dispatcher informed the officers that a woman at the house had advised that firearms and drugs were present there. When the officers arrived at Pulsifer's house, Wood observed Pulsifer exit his back door carrying a long-barreled firearm. Pulsifer disappeared briefly behind a shed near his house; when he reappeared, he was no longer carrying a firearm. After Pulsifer's arrest, Payne approached the shed, bent down, and shined a flashlight underneath it. Payne observed a firearm lying in the space between the shed and the ground, and a third officer reached under the shed and retrieved the firearm.

Based on this evidence, we conclude the district court did not err in denying Pulsifer's motion to suppress. See Texas v. Brown, 460 U.S. 730, 740 (1983) (officer's change of body position to see better is irrelevant to Fourth Amendment analysis); United States v. Hatten, 68 F.3d 257, 260 (8th Cir. 1995) (elements of "plain view" doctrine; officer's use of flashlight does not affect analysis); United States v. Hughes, 940 F.2d 1125, 1127 (8th Cir. 1991) ("discovery of evidence in plain view need not be inadvertent").

The judgment is affirmed.

---

[2]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.