# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3213

_____

United States of America,

        Appellee,

v.

Eric Michell Hunter,

        Appellant.

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

_____

Submitted: May 5, 2000

Filed: May 16, 2000

_____

Before McMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Following a conditional guilty plea to possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), Eric Michell Hunter appeals the district court's[1] denial of his suppression motions, arguing (1) that because he was a "mere visitor" at the apartment being searched pursuant to a premises warrant, a duffel bag and pair of pants he had in a bedroom of the apartment were outside the

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

scope of the warrant; (2) that the district court should not have credited the testimony of a law enforcement officer who said he could see what appeared to be crack cocaine inside Mr. Hunter's partially opened duffel bag; and (3) that Mr. Hunter's statements to the officers were "fruit of the poisonous tree." After reviewing the district court's findings of historical fact for clear error and its determinations of probable cause and reasonable suspicion de novo, see United States v. Perez, 200 F.3d 576, 579 (8th Cir. 2000), we affirm.

We are unpersuaded by Mr. Hunter's argument that he was a "mere visitor" at the apartment, given the presence of his belongings in the bedroom, the lack of clothing on him when he attempted to exit from the second-story bedroom window at the time of the mid-December search, and an airline tag on his duffel bag indicating he had arrived in town more than two weeks before the search. See United States v. Giwa, 831 F.2d 538, 544-45 (5th Cir. 1987) (evidence appellant was overnight visitor to searched apartment--e.g., he was partially clad and had been sleeping when agents arrived--indicated his was more than temporary presence and he was not "mere visitor"; thus, agents could search his bag pursuant to premises warrant); Hummel-Jones v. Strope, 25 F.3d 647, 651-52 (8th Cir. 1994) (noting Giwa approach and focusing on relationship between visitor and place, and whether that relationship is such that it is reasonable for searchers to believe warrant overcomes visitor's privacy rights); cf. Ybarra v. Illinois, 444 U.S. 85, 91 (1979) ("mere propinquity to others independently suspected of criminal activity" does not give rise to probable cause to search patron; suppressing evidence in part because Ybarra "made no gestures indicative of criminal conduct"). Thus, we conclude Mr. Hunter's belongings in the bedroom were within the scope of the warrant.

Furthermore, we cannot say the district court erred in crediting the officer's testimony that he observed what he believed to be crack cocaine inside the partially opened duffel bag, notwithstanding the omission of this information from the officer's written report. See United States v. Beatty, 170 F.3d 811, 814 (8th Cir. 1999) ("plain

view" doctrine allows police to seize item without search warrant if officer did not violate Fourth Amendment in arriving at place from which evidence could be plainly viewed, object's incriminating character is immediately apparent, and officer has lawful right of access to object); United States v. Behler, 187 F.3d 772, 777 (8th Cir. 1999) (district court's assessment of credibility is "virtually unreviewable"); United States v. Weinbender, 109 F.3d 1327, 1330 (8th Cir. 1997) (probable cause demands not that officer be sure or certain but only that facts available to reasonably cautious person would warrant belief that certain items may be contraband).

Having concluded probable cause existed to search Mr. Hunter's duffel bag and pants, we do not reach his argument that his statements were "fruit of the poisonous tree."

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.