**UNITED STATES of America,**

v.

**Robert HUDSON, Appellant.**

**No. 07–3133.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) on Sept. 29, 2009.

Filed: Sept. 30, 2009.

Salvatore L. Astolfi, Office of United States Attorney, Philadelphia, PA, for Appellee.

Robert Hudson, Philadelphia, PA, pro se.

Before: RENDELL and AMBRO, Circuit Judges, and McVERRY,* District Judge.

OPINION

RENDELL, Circuit Judge.

Robert Hudson pled guilty to drug and firearm-related offenses, and was sentenced to eight years' imprisonment.[1] After Hudson filed a notice of appeal, defense counsel moved to withdraw, filing a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that no non-frivolous issues exist.[2] Because we agree that Hudson does

---

* Honorable Terrence F. McVerry, Judge of the United States District Court for the Western District of Pennsylvania, sitting by designation.

1. Hudson pled guilty to possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); possession with intent to distribute cocaine, in violation of 21 U.S.C.

§§ 841(a)(1) and 841(b)(1)(B); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

2. It is unclear which orders Hudson intends to appeal. The notice of appeal filed by defense counsel solely references the judgment

not present a colorable claim on appeal, we will affirm the Judgment and Commitment Order of the District Court.[3]

The salient facts are not disputed. Officers Younger and Williams noticed that the vehicle Hudson was driving did not have a required registration sticker displayed on either the rear windshield or license plate. The officers subsequently observed Hudson change lanes without signaling and park on the right side of the street. Officers Williams and Younger then approached the driver and passenger side of Hudson's car, respectively. Standing outside his vehicle, the officers observed a plastic sandwich bag with a red marking in the center cupholder of the car. Inside the bag were numerous smaller tinted baggies, containing a white chunky substance. Suspecting that the powdery substance was cocaine, Officer Younger reached into the vehicle to retrieve the baggies, whereupon he glimpsed a firearm between the center console and the passenger seat. The officers immediately placed Hudson under arrest and retrieved the firearm.

Hudson moved to suppress the firearm and narcotics seized, arguing that the officers lacked probable cause to search his vehicle. After a hearing, the District Court denied the motion,[4] and Hudson entered a conditional plea agreement, in which he preserved his right to appeal the District Court's suppression ruling. The District Court sentenced Hudson to eight years' imprisonment; Hudson appealed.

Defense counsel moved to withdraw as counsel, filing an *Anders* brief indicating that no non-frivolous issues exist for appeal. When presented with an *Anders* brief, our inquiry is two-fold: (1) whether counsel's *Anders* brief is adequate on its face; and (2) whether our independent review of the record reveals any issues that are not frivolous. *United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001) (citing *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir.2000)). An *Anders* brief will be deemed adequate if the Court is satisfied that counsel has "thoroughly examined the record in search of appealable issues" and explained why the issues are frivolous. *Id.* Counsel, however, need not address every conceivable claim. *Id.* Where counsel's *Anders* brief is adequate, we will confine our inquiry to issues raised by counsel and by the defendant in his *pro se* brief. *Id.* at 301 (citing *United States v. Wagner,* 103 F.3d 551, 552–53 (7th Cir.1996)).

■ Although Hudson did not file a *pro se* brief, defense counsel's *Anders* brief appears adequate on its face. Counsel addresses the single issue preserved for appeal in Hudson's guilty plea: whether the District Court erred in not suppressing the gun and narcotics seized from Hudson's car. Counsel concludes that it is a frivolous issue on appeal because police lawfully stopped Hudson for two traffic

---

of sentence—not the judgment of conviction; however, counsel's *Anders* brief analyzes the District Court's disposition of Hudson's motion to suppress, and the cover page of the brief states, "Appeal from the Judgment of Conviction and Sentence Entered in the United States District Court." Because Hudson did not file a *pro se* brief, we cannot conclusively determine whether he intended to confine the appeal to his sentence. Giving Hudson every benefit of the doubt, and finding no prejudice to the government, which has addressed the validity of the District Court's

suppression order in its brief, we will consider both arguments.

3. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291. *United States v. Tannis,* 942 F.2d 196, 197 (3d Cir.1991).

4. Hudson also moved to suppress unwarned inculpatory statements made to police after his arrest. The District Court granted the motion and suppressed the statements. The government did not cross-appeal this ruling.

.

infractions—driving without a proper registration sticker and changing lanes without signaling—and the presence of narcotics in the officers' plain view provided probable cause to believe that Hudson was engaged in criminal activity. Accordingly, defense counsel reasons that police were entitled to conduct a warrantless search of Hudson's car, and that seizure of the narcotics and gun was permissible. We conclude that counsel's *Anders* brief reflects conscientious examination of the record, and that counsel identified the pertinent issues on appeal.[5] Accordingly, we will confine our analysis to the single issue raised in counsel's brief—whether the District Court properly admitted the gun and drugs recovered during the warrantless search of Hudson's vehicle.

■ At the outset, we note that police lawfully stopped Hudson's vehicle based on separate traffic violations—his failure to display a registration sticker on his windshield or license plate, 75 Pa.C.S. § 1332(a), and his failure to signal before changing lanes, 75 Pa.C.S. § 3334(a). *See Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."). Further, once the officers, who had substantial experience with drug-related arrests, glimpsed multiple marked plastic baggies containing a white chunky substance in the center cupholder, they possessed probable cause to believe that the baggies contained illegal drugs, and that Hudson was involved in criminal activity.[6] At that point, police were entitled to arrest Hudson and to search the passenger compartment of his vehicle.[7] Because the search of the

---

**5.** Counsel did not address two potential issues in his brief—the validity of Hudson's guilty plea and the legality of his sentence. Because these issues were "patent[ly]" frivolous, counsel was not required to analyze them. *Marvin*, 211 F.3d at 781. The guilty plea offered by defense counsel was accepted by the government; there is no indication that the plea was not knowing, intelligent, and voluntary. Further, Hudson waived his right to appeal his sentence, which, in any event, was below the applicable guidelines range of 135 to 168 months. Accordingly, counsel's omission of these issues from his brief was not inadequate to assist us in our review. *See L.R.* 109.2(a); *see also Youla*, 241 F.3d at 302.

**6.** *See Texas v. Brown*, 460 U.S. 730, 733–34, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (finding probable cause to arrest defendant and search his vehicle, where police observed a white powdery substance, small plastic vials, and knotted, uninflated plastic party balloons—commonly used narcotics packaging—in his car); *United States v. Green*, 560 F.3d 853, 858 (8th Cir.2009) (finding probable cause to believe that "clear plastic bag containing a white powdery substance" discovered in defendant's kitchen was illegal drugs); *United States v. Rosario*, 638 F.2d 460, 462 (2d Cir.1980) (finding probable cause for arrest where defendant furtively carried a plas-

tic bag containing a substance that looked like cocaine to a car containing two men at 11:00 p.m. and displayed the bag for their inspection); *see also United States v. Garner*, 907 F.2d 60, 62 (8th Cir.1990) ("Probable cause demands ... only that the facts available to a reasonably cautious man would warrant a belief that certain items may be contraband ....") (internal quotations omitted).

**7.** *See Thornton v. United States*, 541 U.S. 615, 620–22, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004); *Brown*, 460 U.S. at 733–34, 103 S.Ct. 1535; *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) ("[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile."); *see also Maryland v. Dyson*, 527 U.S. 465, 465–66, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999) (upholding warrantless search of vehicle where police possessed probable cause to believe it contained illegal drugs); *California v. Carney*, 471 U.S. 386, 394–95, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985) (finding probable cause to conduct warrantless search of mobile home where police possessed evidence that defendant was distributing a controlling substance from the vehicle); *United States v. Burton*, 288 F.3d 91,

vehicle was lawful, contraband recovered from the car, including the narcotics and firearm, was admissible. Hence, we conclude that the District Court properly denied defendant's motion to suppress, and that Hudson's Fourth Amendment challenge is meritless.

Concluding that Hudson fails to raise a non-frivolous argument on appeal, we will

AFFIRM the Judgment and Conviction Order of the District Court and, in a separate order, will grant counsel's motion to withdraw.

100 (3d Cir.2002) ("The automobile exception to the warrant requirement permits law enforcement to seize and search an automobile without a warrant if 'probable cause exists to believe it contains contraband.'") (internal citation omitted).