**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronald T. JOHNSON, Defendant–
Appellant.**

**No. 94–3233.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1995.

Decided June 22, 1995.

---

Nancy Graven, Federal Public Defender, Springfield, MO, argued, for appellant.

David P. Rush, Asst. U.S. Atty., Springfield, MO, argued, for appellee.

Before LOKEN, Circuit Judge, GODBOLD,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

LOKEN, Circuit Judge.

After conditionally pleading guilty to a drug trafficking offense, Ronald T. Johnson appeals the denial of his motion to suppress evidence seized during a consensual search of his automobile. Johnson argues that the initial traffic stop was pretextual and that, even if the traffic stop was valid, his consent was unconstitutionally obtained during an unlawful extension of that stop. We affirm.

Corporal Jack McMullin of the Missouri Highway Patrol stopped Johnson's car on eastbound I–44 for tailgating while exceeding

---

* The HONORABLE JOHN C. GODBOLD, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

the speed limit. McMullin took Johnson to the patrol car while McMullin completed a computer check of Johnson's driver's license and vehicle registration. The vehicle was not registered to Johnson, who explained that he had borrowed it from a friend. While waiting for the results of the computer inquiry, McMullin asked Johnson about his trip. Johnson replied that he, his wife, and their child had driven from Indiana to Las Vegas, had spent one day gambling away $200, and were now returning to Indiana.

The computer check revealed that Johnson could only drive in the presence of another licensed driver. Leaving Johnson in the patrol car, McMullin then returned to Johnson's vehicle to verify that Mrs. Johnson was a licensed driver. While reviewing Mrs. Johnson's valid Indiana license, McMullin asked her about their trip. She first said they were coming from California, then said they were coming from Laughlin, Nevada, where they had visited relatives for two or three days. Corporal McMullin asked Mrs. Johnson if there was anything illegal in the vehicle and, when she said no, obtained her consent to search the car. McMullin then returned to the patrol car, asked Johnson if there was anything illegal in his vehicle, and obtained his consent to search. To that point, the traffic stop had lasted approximately ten minutes.

In inspecting the vehicle, McMullin noted that the fuel tank bore signs of recent alteration, a common method of transporting illegal narcotics. The Johnsons agreed to accompany McMullin to Highway Patrol headquarters one mile away, where the fuel tank could be carefully inspected. Police then found a secret compartment in the fuel tank containing over six kilograms of cocaine and a small amount of marijuana.

The district court[1] denied Johnson's pretrial motion to suppress, finding that McMullin stopped Johnson's vehicle because of an apparent traffic violation, that McMullin had a reasonable basis for the minimal questioning he conducted during the traffic stop, and that McMullin obtained valid consents from the Johnsons for the subsequent vehicle inspection and search.

On appeal, Johnson first argues that the purported traffic violation was a pretext for stopping Johnson on account of his race, age, and apparent affluence. We have recently clarified that "[a]ny traffic violation, however minor, provides probable cause for a traffic stop." *United States v. Bloomfield,* 40 F.3d 910, 915 (8th Cir.1994) (en banc), *cert. denied,* —— U.S. ——, 115 S.Ct. 1970, 131 L.Ed.2d 859 (1995). The district court credited Corporal McMullin's testimony that he stopped Johnson's car because it was following another vehicle too closely at high speed. Johnson's assertion that this finding is clearly erroneous is without merit. *See United States v. Stapleton,* 10 F.3d 582, 584 (8th Cir.1993); *United States v. Cummins,* 920 F.2d 498, 500–01 (8th Cir.1990).

Relying primarily on the initial panel opinion in *United States v. Ramos,* 20 F.3d 348 (8th Cir.1994), Johnson next argues (i) that the traffic stop became an unconstitutional detention when Corporal McMullin continued questioning Mrs. Johnson after checking her driver's license, and (ii) that the Johnsons' consents to search the car were therefore invalid. After Johnson filed his brief on appeal, the panel in *Ramos* granted rehearing and overturned its prior decision. *United States v. Ramos,* 42 F.3d 1160 (8th Cir. 1994). The second *Ramos* opinion confirms that we must reject Johnson's contention.

During a traffic stop, "reasonable investigation includes asking for the driver's license and registration, requesting that the driver sit in the patrol car, and asking the driver about his destination and purpose." *Bloomfield,* 40 F.3d at 915. Likewise, an officer may engage in similar routine questioning of the vehicle's passengers to verify information provided by the driver. *See Cummins,* 920 F.2d at 502. Moreover, "if the responses of the detainee and the circumstances give rise to suspicions unrelated to the traffic offense, an officer may broaden his inquiry and satisfy those suspicions." *Unit-*

*ed States v. Barahona,* 990 F.2d 412, 416 (8th Cir.1993).

 In this case, Trooper McMullin questioned Mrs. Johnson for two or three minutes while he checked her driver's license. Initially, McMullin routinely attempted to verify Johnson's account of their trip, an inquiry reasonably prompted by McMullin's doubt that they would travel 1800 miles each way to spend a single day gambling in Las Vegas. If Mrs. Johnson's responses had been totally innocent, we would face the question that divided the panel in *Ramos*—whether McMullin unreasonably expanded the scope of the traffic stop by going on to ask Mrs. Johnson if anything illegal was in the vehicle. *See* 42 F.3d at 1165 (Beam, J., concurring).

But here Mrs. Johnson gave an inconsistent explanation for their trip, further arousing McMullin's suspicions. "If reasonably related questions raise inconsistent answers ... a trooper's suspicions may be raised so as to enable him to expand the scope of the stop and ask additional, more intrusive questions." *Ramos,* 42 F.3d at 1160. As in *Ramos,* the Johnsons immediately and voluntarily consented to the search of their vehicle. In these circumstances, the district court properly denied Johnson's motion to suppress.

 Finally, Johnson argues that the district court erred in increasing his criminal history score because he committed this offense while under a prior criminal justice sentence. *See* U.S.S.G. § 4A1.1(d). However, Johnson concedes that this issue cannot affect his mandatory minimum sentence of 120 months. Any sentencing error was therefore harmless.

The judgment of the district court is affirmed.