United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-1099MN

United States of America,　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant,　　　　 *　　Appeal from the United States
　　　　　　　　　　　　　　　　　*　　District Court for the District
　　　v.　　　　　　　　　　　　*　　of Minnesota.
　　　　　　　　　　　　　　　　　*
Simon Frank Weise,　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee.　　　　　*

_____

Submitted:　October 24, 1997
Filed:　October 30, 1997

_____

Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

FAGG, Circuit Judge.

A jury convicted Simon Frank Weise of second-degree murder within Indian country in violation of 18 U.S.C. §§ 1111 and 1153 (1994). At Weise's initial sentencing, the district court departed downward from the applicable Guidelines range of 168 to 210 months and sentenced Weise to 121 months' imprisonment. See U.S. Sentencing Guidelines Manual (U.S.S.G.) § 5K2.0. The district court based the § 5K2.0 departure on Weise's record of steady employment and maintenance of family ties and responsibilities despite the difficulties of life on the Red Lake Reservation. See United States v. Big Crow, 898 F.2d 1326, 1331-32 (8th Cir. 1990). The district court also concluded Weise's conduct was aberrant behavior warranting departure.

The Government appealed the § 5K2.0 departure decision. We held Weise's conduct was not aberrant behavior supporting departure. See United States v. Weise, 89 F.3d 502, 507 (8th Cir. 1996). We also held the record was inadequate to support departure based on Big Crow and remanded to the district court for a refined assessment on an expanded record. See id. On remand, the district court held an evidentiary hearing and again departed downward under § 5K2.0 to a sentence of 121 months. The Government once more appeals. We reverse and remand for imposition of a sentence within the applicable Guidelines range.

U.S.S.G. § 5K2.0 permits district courts to depart downward from the applicable Guidelines range if the court finds a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the [G]uidelines." See also 18 U.S.C. § 3553(b) (1994) (statutory authority for departure). The Commission names certain potential mitigating factors in the Guidelines and either forbids, discourages, or encourages their consideration. See Koon v. United States, 116 S. Ct. 2035, 2044-45 (1996). Factors that can never be bases for departure include race, creed, religion, socioeconomic status, U.S.S.G. § 5H1.10; lack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing, id. § 5H1.12; drug or alcohol dependence, id. § 5H1.4; and economic hardship, id. § 5K2.12. See Koon, 116 S. Ct. at 2044. The Guidelines discourage consideration of a defendant's employment record, U.S.S.G. § 5H1.5; family ties and responsibilities and community ties, id. § 5H1.6; education and vocational skills, id. § 5H1.2; and civic, charitable, or public service record, id. § 5H1.11. See Koon, 116 S. Ct. at 2045. Discouraged factors should be relied on only in exceptional cases, when "the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Id. To warrant departure based on a discouraged, encouraged, or unmentioned factor, "the factor, as occurring in the particular circumstances, [must] take[] the case outside the heartland of the applicable Guideline." Id. at 2051.

At resentencing, the district court again based its departure decision on the view that Weise's conduct was aberrant behavior, an unmentioned factor for a serious crime like murder. See United States v. Kalb, 105 F.3d 426, 429 (8th Cir. 1997). The district court was not free to revisit aberrant behavior, however, because we foreclosed it in the first appeal of Weise's sentence. There, we held Weise's conduct was not aberrant behavior as defined in our earlier case law. See Weise, 89 F.3d at 507. Thus, the district court improperly considered the factor of aberrant behavior for departure purposes at both of Weise's sentencings.

The district court also based its departure at resentencing on other grounds: Weise's employment history, his family ties, his reputation in the community, and the "extraordinary problems and difficulties [he] struggled against and overcame on the Red Lake Reservation." Although Weise's family was loving and supportive and had all the necessities, the district court stressed that Weise's parents were very poor and sometimes abandoned their children overnight when abusing alcohol. The family of eight lived in a small, one-room house without electricity. The district court was impressed that, despite Weise's disadvantaged upbringing and the reservation's poor economic conditions, including an unemployment rate around 60%, Weise had worked steadily for about four and a half years for an employer willing to rehire him, never gone on welfare, and provided for four children and his long-time companion. The district court acknowledged its belief that if Weise did not live on an Indian reservation, his case would not fall outside the Guidelines heartland.

We conclude the district court abused its discretion in granting the downward departure on these additional grounds. The district court could not use the prohibited factors of Weise's race, socioeconomic status, economic hardship, or disadvantaged upbringing as bases for departure under § 5K2.0. See Koon, 116 S. Ct. at 2044-45. Even taking Weise's presence on the reservation as an unmentioned factor, the record does not show that anything about the reservation environment skewed Weise's opportunities in a way that was strikingly different from families of similar means and

circumstances living elsewhere. The district court's other reasons for departure--Weise's reputation in the community, stable employment history, and family ties and responsibilities--are discouraged factors that warrant departure only in extraordinary circumstances. See id. at 2045. The record does not support departure based on Weise's community reputation. Unlike the situation in Big Crow, no community leaders sent unsolicited letters to the sentencing court on Weise's behalf. See 898 F.2d at 1332. At most, a tribal prosecutor testified at resentencing that he was surprised to hear Weise was charged with homicide because Weise's lengthy tribal record consisted of misdemeanor charges and, unlike most tribal defendants, Weise acted responsibly by often pleading guilty. Other individuals testified Weise is a good mechanic, a reliable worker, and nonviolent whether sober or intoxicated. This is simply not enough to establish Weise's standing in the community. Weise's family ties and responsibilities and stable employment are insufficiently unusual to warrant departure. See United States v. White Buffalo, 10 F.3d 575, 577 (8th Cir. 1993). Although we give substantial deference to a district court's determination that a discouraged factor justifies departure because it is present in some unusual or exceptional way, see Koon, 116 S. Ct. at 2046-47, in Weise's case we conclude the district court abused its discretion in determining these factors are "present to an exceptional degree" and nothing makes his case exceptionally "different from the ordinary case where the factor[s] [are] present," id. at 2045.

Having analyzed the potential departure factors singly and in combination, we conclude the district court abused its discretion in deciding Weise's case lies outside the heartland of the applicable Guideline. We thus reverse and remand to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.