# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 98-1980EA

———————

United States of America,

        Appellee,

v.

Genevieve "Jenny" Nichols,

        Appellant.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the Eastern
District of Arkansas.

[UNPUBLISHED]

———————

Submitted: November 17, 1998
Filed: November 27, 1998

———————

Before RICHARD S. ARNOLD and FAGG, Circuit Judges, and DAWSON,* District
Judge.

———————

PER CURIAM.

An Arkansas police officer stopped Genevieve "Jenny" Nichols for following another vehicle too closely on the freeway. As the officer approached Nichols's U-Haul vehicle, he smelled marijuana, and when Nichols voluntarily opened the back of the vehicle, the officer noticed a stronger marijuana odor. In response to the officer's question, Nichols denied she was carrying any contraband. Nichols then signed a consent form and permitted the officer to search her vehicle, where the officer found

———————

*The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

more than four hundred pounds of marijuana. Nichols moved to suppress this evidence, arguing the officer's stop and search violated the Fourth Amendment. After a hearing, the district court denied the motion. Nichols entered a conditional guilty plea to possession with intent to distribute marijuana and the district court sentenced her to thirty months in prison. Nichols appeals her conviction and sentence. We affirm.

Nichols challenges the district court's denial of her suppression motion, claiming the officer did not have probable cause for the stop. Nichols also claims she did not voluntarily consent to the search of her vehicle because the officer coerced her into opening her vehicle and she later signed the consent form merely as authorization of this search. We reject Nichols's contentions. First, the officer saw Nichols commit a traffic violation, which created probable cause for the stop. See United States v. Johnson, 58 F.3d 356, 357 (8th Cir. 1995). Second, contrary to Nichols's contention, the officer testified Nichols volunteered to open her vehicle, and even if Nichols had not opened her vehicle or signed the consent form, the marijuana odor created probable cause that justified the officer's search. See United States v. Gipp, 147 F.3d 680, 685 (8th Cir. 1998). The district court found the officer's testimony at the suppression hearing more credible, and having reviewed the record, we conclude the district court's factual findings supporting its denial of Nichols's suppression motion are not clearly erroneous. See United States v. White, 42 F.3d 457, 459 (8th Cir. 1994).

We turn to Nichols's remaining contentions. First, the district court did not abuse its discretion when it refused to admit the hearsay testimony of Nichols's passenger. Although this type of hearsay testimony may be admissible, the district court properly excluded the passenger's proffered statement because it did not subject the passenger to criminal liability. See Fed. R. Evid. 804(b)(3). Next, we also reject Nichols's claim that the district court erroneously denied her request for a downward departure at sentencing. See U.S. Sentencing Guideline Manual § 5K2.0 (1997). We review the district court's downward-departure ruling for an abuse of discretion. See Koon v. United States, 518 U.S. 81, 98-100 (1996). Nichols claims she is entitled to

the departure for reasons of economic hardship, favorable employment record, family ties and responsibilities, extraordinary remorse, and that her offense was a single act of aberrant behavior. The district court correctly concluded these reasons were either forbidden factors unavailable for departure purposes or discouraged and unmentioned factors that, based on the particular circumstances, were within the heartland of the applicable guidelines and did not warrant a downward departure. See United States v. Weise, 128 F.3d 672, 673-74 (8th Cir. 1997). Having considered the record, we believe the district court correctly calculated Nichols's guideline sentence.

We affirm Nichols's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.