# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————————

No. 98-1689MN

———————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Simon Frank Weise, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————————

Submitted: January 6, 1999
Filed: January 20, 1999

———————————

Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————————

PER CURIAM.

Upon Simon Frank Weise's 1995 conviction for second-degree murder within Indian country, the district court departed downward from the Guidelines range of 168-210 months, sentencing Weise to 121 months imprisonment. See U.S. Sentencing Guidelines Manual § 5K2.0 (1998). On appeal, we held the record was inadequate to support departure based on United States v. Big Crow, 898 F.2d 1326, 1330-32 (8th Cir. 1990), and remanded for the district court to make a new assessment on an expanded record. See United States v. Weise, 89 F.3d 502, 507 (8th Cir. 1996). After an evidentiary hearing, the district court again departed downward under section 5K2.0 and sentenced Weise to 121 months imprisonment. In considering Weise's second

appeal, we concluded the district court abused its discretion by deciding Weise's case lay outside the heartland of the applicable Guideline. We thus remanded "for imposition of a sentence within the applicable Guidelines range." See United States v. Weise, 128 F.3d 672, 673, 675 (8th Cir. 1997) (Weise II). On remand, no new evidence was introduced, and the district court found it was "foreclosed from dealing with any of the factors that [it] laid out" in the earlier sentencing orders and resentenced Weise to 168 months imprisonment. Weise now contends this court's opinion in Weise II did not as a matter of law preclude a departure.

Although a decision not to depart is generally unreviewable on appeal, see United States v. Jenkins, 78 F.3d 1283, 1290 (8th Cir. 1996), we retain authority to review a district court's decision for compliance with our mandate, see United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995). The district court correctly interpreted our opinion in Weise II and properly limited the scope of resentencing in conformity with our instructions. See United States v. Behler, 100 F.3d 632, 635-36 (8th Cir. 1996) (all issues decided by appellate court become law of case on remand, and sentencing court is bound to proceed within limitations imposed by appellate court).

We thus affirm Weise's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.