# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3900

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Larry A. Edmisten, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 3, 2000

Filed: March 31, 2000

_____

Before RICHARD S. ARNOLD, FAGG, and HANSEN, Circuit Judges.

_____

FAGG, Circuit Judge.

Larry A. Edmisten appeals the denial of his motion to suppress. We affirm.

A police officer on patrol received a dispatch indicating an assault had occurred, describing the two fleeing suspects, and informing officers the suspects could be headed toward a particular apartment complex. The officer saw Edmisten's pickup truck enter the specified apartment complex parking lot and then exit the lot with a male and a female passenger the officer believed might fit the description of the assault suspects. The officer followed Edmisten's truck and pulled Edmisten over after

observing Edmisten weave within his lane and noting Edmisten's license plate illuminator was burned out. Edmisten gave the officer his identification and, in response to the officer's inquiry, provided only the first names of his passengers, saying he could not remember their last names even though he had known them for several years. After the license check revealed no outstanding warrants for Edmisten and that Edmisten's license was valid, the officer gave him a verbal warning for the traffic violations.

The officer then informed Edmisten that he wanted to talk to his passengers. While Edmisten waited quietly at the rear of the truck, the officer questioned the passengers, who gave the officer first names, which differed from the names Edmisten had provided, as well as last names. The officer could not confirm the information the passengers provided because the passengers had not given him their real names. Believing the passengers were trying to conceal their identities and uncertain why they were doing so, the officer called for backup and asked Edmisten to consent to a search of his truck. Edmisten refused. The female passenger then told the officer her real name, she admitted she initially concealed her identity because there were outstanding warrants for her, and she was arrested by the officers.

Meanwhile, a second officer arrived on the scene and, taking Edmisten around the corner and out of earshot of the passengers, explained they were trying to identify Edmisten's passengers, asked for permission to search the truck for the passengers' identification, and assured Edmisten he would be allowed to leave if nothing incriminating was found in his pickup. Edmisten agreed to a search, opened the passenger door for the officer, and stood silently beside the officer while the officer looked through the glove compartment where he found the male passenger's identification, unzipped a duffle bag on the front seat in which he found marijuana and a scanner, and opened a container holding methamphetamine. Edmisten was arrested on drug-related charges and moved to suppress the evidence found during the search of his truck. After the district court adopted the magistrate judge's report and

recommendation denying Edmisten's motion, Edmisten entered a conditional guilty plea to possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a) (1994).

On appeal, Edmisten first contends the district court should have granted his motion to suppress because the officer did not have a reasonable suspicion sufficient to detain Edmisten after issuing the verbal warning. We disagree. Edmisten concedes the officer properly stopped him for the observed traffic violations. See United States v. Perez, 200 F.3d 576, 579 (8th Cir. 2000) (any traffic violation creates probable cause justifying stop of vehicle's driver). Having done so, the officer was entitled to conduct a reasonable investigation related to the traffic stop, which included asking Edmisten about the identity of his passengers, see id., and questioning the passengers to verify the information Edmisten provided, see United States v. Johnson, 58 F.3d 356, 357 (8th Cir. 1995). Edmisten's contradictory statements that he had known the passengers for several years but could not recall their last names, coupled with the officer's belief that the passengers fit the description of the assault suspects and the officer's observation of all three individuals in the complex parking lot, established reasonable suspicion to detain Edmisten while the officer broadened his inquiry and attempted to identify the passengers. See Perez, 200 F.3d at 579; Johnson, 58 F.3d at 357-58. The passengers, when questioned, gave the officer information that conflicted with Edmisten's suspicious statements, justifying Edmisten's further detention while the officer continued to investigate. See United States v. Ramos, 42 F.3d 1160, 1163 (8th Cir. 1994) ("If reasonably related questions raise inconsistent answers, . . . a trooper's suspicions may be raised so as to enable him to expand the scope of the stop and ask additional, more intrusive, questions.").

Edmisten also contends the district court erroneously concluded Edmisten's consent to the search was voluntary and knowing. We need not reach the issue of consent, however, to conclude the officers had the authority to search Edmisten's pickup. Because the officers had already lawfully arrested the female passenger, they

could properly search the passenger compartment of the pickup incident to that arrest. See United States v. Hensley, 469 U.S. 221, 235-36 (1985); New York v. Belton, 453 U.S. 454, 460 (1981); United States v. Czeck, 105 F.3d 1235, 1238 (8th Cir. 1997).

We thus affirm the district court's denial of Edmisten's motion to suppress.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.