# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

Nos. 00-1984/1985

_____

United States of America,       \*

                            \*

    Cross-Appellant/Appellee,   \*

                            \*     Appeal from the United States

v.                        \*     District Court for the

                            \*     Southern District of Iowa.

Thomas Jeffrey Raines,      \*

                            \*

    Appellant/Cross-Appellee.   \*

_____

Submitted:  December 12, 2000

Filed:  March 5, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and HANSEN, Circuit
    Judges.

_____

HANSEN, Circuit Judge.

      Thomas Jeffrey Raines appeals his conviction for cultivating marijuana in
violation of 21 U.S.C. § 841(a)(1) (1994).  Raines asserts that the district court[1] erred
by denying his motion to suppress the marijuana seized by law enforcement and that
the evidence was insufficient to sustain his conviction.  The government cross appeals,

---

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern
District of Iowa.

challenging the district court's[2] fact-finding at sentencing that Raines had cultivated fewer than 1000 marijuana plants. We affirm both the appeal and cross-appeal.

## I.

On May 27, 1999, in Page County, Iowa, Deputy Sheriff Gary Davison arrived at Raines's home, attempting to serve civil process on Toni Will, an acquaintance of Raines. After receiving no response at the front door but seeing several cars parked in the driveway, Deputy Davison followed Page County procedure and proceeded to the back of the home believing the inhabitants might be outside on a summer evening unable to hear him knocking at the front door. Davison walked through a ten-foot wide opening in a wall of debris that acted as a make-shift fence around the perimeter of the property. Once through this opening, Davison observed a large number of marijuana plants growing to the east of Raines's home. Davison immediately left the premises without seizing any of the plants and sought a search warrant. When officers returned with a search warrant, they discovered pipes used for smoking, a set of scales, seven guns, and two small tins of marijuana in the house. Officers also found approximately 1051 individual cuttings of marijuana located to the east of the house. In a building adjacent to Raines's residence, officers discovered fans, drying racks, and a thermometer. Officers seized the offending items and arrested Raines. He was later charged with cultivating marijuana in violation of 21 U.S.C. § 841(a)(1).

Prior to trial, Raines filed a motion to suppress the evidence of the marijuana plants. The district court denied the motion. In denying Raines's motion to suppress, the district court found that Deputy Davison acted in good faith and his digression to the back of the house was justified in an honest attempt to do his duty to serve civil process. Alternatively, the district court concluded the subsequent search of Raines's

---

[2]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

property was proper pursuant to a valid warrant and that the evidence was admissible under United States v. Leon, 468 U.S. 897 (1984). A jury subsequently convicted Raines, and he now appeals.

## II.

The district court's conclusions of law regarding the denial of a motion to suppress are reviewed de novo; whereas its findings of fact are reviewed for clear error. United States v. Cunningham, 133 F.3d 1070, 1072 (8th Cir.), cert. denied, 523 U.S. 1131 (1998). The Fourth Amendment to the Constitution protects the rights of people "to be secure in [their] persons, houses, papers, and effects, against unreasonable searches and seizures." The Supreme Court has extended the protections guaranteed by the Fourth Amendment to the curtilage of a house. Oliver v. United States, 466 U.S. 170, 180 (1984). The Court defined curtilage as "the area to which extends the intimate activity associated with the sanctity of a man's home and the privacies of life." Id. (internal quotations omitted).

Raines contends that Deputy Davison's observation of marijuana plants growing in plain view while standing within the curtilage of his home constitutes a warrantless search in violation of the Fourth Amendment. He argues that the district court should have suppressed the seized evidence as the product of an unlawful search. We hold that Deputy Davison did not violate Raines's Fourth Amendment rights by entering the curtilage of his home. Evidence was presented at the suppression hearing that Raines had erected a makeshift fence of debris that encircled his property. At the southeast corner of the house, there was a ten-foot wide opening in the fence. Raines did not post a sign such as "no trespassing" or construct a barrier in front of the opening. Davison stated that because it was a pleasant summer evening and several cars were parked in the driveway, he thought it likely the occupants were outside in the backyard. We conclude that Davison's limited intrusion was justified because he had the legitimate objectives of locating Toni Will, who he had reason to believe was located

3

at the residence, and serving her with civil process. We have previously recognized that law enforcement officers must sometimes move away from the front door when attempting to contact the occupants of a residence. See, e.g., United States v. Anderson, 552 F.2d 1296, 1300 (8th Cir. 1977) ("We cannot say that the agents' actions in proceeding to the rear after receiving no answer at the front door was so incompatible with the scope of their original purpose that any evidence inadvertently seen by them must be excluded as the fruit of an illegal search."). Thus, Davison did not interfere with Raines's privacy interest when he, in good faith, went unimpeded to the back of Raines's home to contact the occupants of the residence.

Furthermore, the marijuana plants Deputy Davison observed while proceeding to the back of Raines's home were in plain view and, therefore, properly incorporated into the warrant affidavit for purposes of establishing probable cause. The plain view doctrine allows law enforcement officers to seize evidence without a warrant when the initial intrusion is lawful, the discovery of the evidence is inadvertent, and the incriminating nature of the evidence is immediately apparent. United States v. Beatty, 170 F.3d 811, 814 (8th Cir. 1999). In this case, Davison did not seize the marijuana after observing it in plain view; instead, he left to obtain a search warrant. Even if he had seized the plants upon observation, such a seizure would comport with the plain view requirements. As we previously stated, Davison did not violate the Fourth Amendment by proceeding into Raines's backyard in the good faith attempt to serve civil process. Likewise, there is no indication that Davison had any reason to believe that Raines would be cultivating marijuana in his backyard. Davison was not looking to find contraband; he was merely attempting to locate Toni Will to serve her with civil process. Finally, "[t]he immediately apparent requirement means that officers must have probable cause to associate the property with criminal activity." United States v. Weinbender, 109 F.3d 1327, 1330 (8th Cir. 1997) (internal quotations omitted). "[A] marijuana plant's [identifier]--its unique configuration--is clearly visible to the naked eye." United States v. Garner, 907 F.2d 60, 62 n.1 (8th Cir. 1990), cert. denied, 498 U.S. 1068 (1991). Davison's training and expertise as a seasoned law enforcement

officer made the incriminating nature of the marijuana plants immediately apparent. Because Deputy Davison's observations of marijuana plants in the back of Raines's house did not violate the Fourth Amendment, the use of this information to obtain a search warrant does not trigger the protections afforded by the exclusionary rule. We conclude that the search and subsequent seizure were valid.

Raines next contends that the evidence was insufficient to support his conviction, and the district court mistakenly denied his motion for judgment of acquittal. In reviewing the sufficiency of the evidence on appeal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We will reverse only if no construction of the evidence supports the verdict. United States v. Keltner, 147 F.3d 662, 668 (8th Cir.), cert. denied, 525 U.S. 1032 (1998).

Raines argues that because the marijuana plants were found in and around a building adjacent to his home, there was insufficient evidence to link him with the growing operation. We disagree and determine that sufficient evidence supports Raines's conviction for cultivating marijuana. A rational jury could have convicted Raines based upon the following evidence: (1) Raines stipulated that he owned and resided on the property where officers found the marijuana plants growing; (2) Raines presented no evidence that anyone else lived on the property with him; (3) a MidAmerican Energy bill indicated Raines resided on and controlled the property; (4) pursuant to a search warrant, officers found items on the premises consistent with cultivating marijuana, including scales, a fan, a thermometer, styrofoam cups, and drying racks; (5) officers seized 1051 individually potted marijuana cuttings from Raines's property; (6) Deputy Davison testified that the plants were healthy and well cared for which indicated the propagator's diligence and the unlikelihood that Raines would not have witnessed someone else caring for the plants on his property; and (7) the plants did not appear to have been relocated onto the property from another

5

growing location. This evidence sufficiently supports as a matter of law the jury's verdict, finding Raines guilty beyond a reasonable doubt of cultivating marijuana. The district court appropriately denied Raines's motion for judgment of acquittal.

## III.

The government in its cross-appeal contends that the district court erred when it found Raines's marijuana operation yielded fewer than 1000 plants. "The district court's factual findings as to the amount of drugs attributable to a defendant will not be overturned unless clearly erroneous." United States v. Betz, 82 F.3d 205, 208 (8th Cir. 1996) (internal citations omitted). Although the general rule that quantity estimates may be based upon extrapolation from tested samples still holds true, the district court is free to reject the sampling technique where quantity was determined in an unreliable fashion. See USSG § 6A1.3(a) (1998) ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.") (emphasis added).

At sentencing, the government offered the testimony of two law enforcement officers, including the testimony of Deputy Davison. Davison stated that the day after seizing the plants, he sampled one out of every ten plants of similar size and tallied only those plants with an identifiable root system. Based upon this sampling technique, Davison estimated Raines's operation produced 1051 plants. The district court found otherwise. In finding the operation yielded fewer than 1000 plants, the district court determined that the officer's technique of using a representative sample of plants, instead of an actual count, was problematic. The district court concluded that the government did not meet its burden of proving by a preponderance of the evidence that Raines produced more than 1000 separate plants with identifiable root hairs. (Sent. Tr. at 62 ("All we know is that 10 percent of the plants that were counted were plants with

6

root hairs. There is not reliable evidence here to prove there was more than 1,000. . . . Sampling is nothing more than estimating. I'm not satisfied that 1,051 plants were separate plants . . . .").) This court has held that a cutting must have developed root hairs before it can be considered a plant under the Sentencing Guidelines. United States v. Bechtol, 939 F.2d 603, 604-05 (8th Cir. 1991). Thus, we cannot say that, given the circumstances of this case, the district court's rejection of the sampling technique employed by the government was erroneous.

For the reasons stated, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.