# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 01-1682

_____

United States of America,      *

         *

       Appellee,      *

         *      Appeal from the United States

      v.          *      District Court for the

         *      Western District of Missouri.

Maurice Mosley,      *       [UNPUBLISHED]

         *

       Appellant.      *


_____

Submitted: August 6, 2001

Filed: August 15, 2001

_____

Before BOWMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Kansas City, Missouri, police officers stopped Maurice Mosley's vehicle when the officers noticed that the vehicle he was operating did not have its lights on. Mosley had two passengers in the vehicle with him, and officers observed both of them to be in possession of crack cocaine. The passengers were arrested at the scene. Upon verifying Mosley's driver's license information, officers discovered that Mosley had an outstanding felony parole warrant issued by the state of Kansas. Mosley, too, was arrested, and a subsequent search of Mosley's vehicle yielded a .22 caliber handgun that was located under the vehicle's driver's seat. Mosley admitted during police

questioning that he had handled the gun, including loading and unloading it with ammunition, and that his fingerprints would be found on the gun.

A jury convicted Mosley of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (1994). On appeal, Mosley challenges the district court's[1] denial of his motion to suppress evidence obtained while he was stopped by police officers, the district court's denial of Mosley's motion in limine seeking to exclude other bad acts evidence, and the district court's[2] denial of Mosley's motion for judgment of acquittal.

We conclude that the district court did not err in denying Mosley's motion to suppress his statements made to officers, because contrary to Mosley's assertion, officers had probable cause for initially stopping the vehicle Mosley was driving after watching him drive for four blocks in the dark without his headlights illuminated, which is a traffic violation. See United States v. Jones, No. 00-2905, 2001 WL 704428, at *5 (8th Cir. June 25, 2001) ("[T]his Court has held on numerous occasions that any traffic violation, regardless of its perceived severity, provides an officer with probable cause to stop the driver."). The officers were entitled to conduct a reasonable investigation, including asking for a license and registration and questioning Mosley. United States v. Edmisten, 208 F.3d 693, 694 (8th Cir. 2000), cert. denied, 121 S. Ct. 1158 (2001); United States v. Perez, 200 F.3d 576, 579 (8th Cir. 2000). In addition, the district court did not abuse its discretion in denying Mosley's motion in limine because the government was allowed to set forth the circumstances surrounding

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri, adopting the Report and Recommendation of the Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Mosley's arrest. <u>See</u> <u>United States v. Summers</u>, 137 F.3d 597, 602 (8th Cir. 1998) (holding "bad acts that form the factual setting of the crime in issue" outside the scope of Rule 404(b)).

Finally, Mosley argues that the evidence presented at trial was insufficient to support a conviction for being a felon in possession. We disagree and conclude that the district court did not err in declining to grant a judgment of acquittal. For purposes of being a felon in possession of a firearm, possession may be either actual or constructive. <u>United States v. Miscellaneous Firearms & Ammunition</u>, 945 F.2d 239, 240 (8th Cir. 1991). "Constructive possession of the firearm is established if the person has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself." <u>United States v. Boykin</u>, 986 F.2d 270, 274 (8th Cir.), <u>cert. denied</u>, 510 U.S. 888 (1993). In this case the evidence overwhelmingly supports both actual and constructive possession: Mosley admitted to officers that he actually possessed the firearm by handling it in the vehicle where the weapon was recovered--a vehicle that Mosley controlled. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3