# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3029

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Elijah H. Harris, III, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   January 14, 2003

Filed:   January 22, 2003

_____

Before LOKEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Elijah H. Harris, III, pleaded guilty to conspiracy to possess with the intent to distribute cocaine base (crack cocaine). 21 U.S.C. §§ 841(a)(1), 846 (2000). The district court[*] sentenced Harris to 324 months (27 years) in prison followed by 5 years conditional release, and it also imposed a $100 special assessment. Harris appeals his conviction, challenging the district court's denial of his motion to suppress the crack cocaine as evidence. The government initially argued Harris waived appellate review

_____

[*]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

by entering an unconditional guilty plea, but does not make this argument in its amended brief. The plea agreement drafted by the United States Attorney's office states: "You, the defendant . . . will tender a conditional plea of guilty. . . . You thereby reserve the right on appeal to contest the decision of the District Court denying your Motion to Suppress." Because the waiver argument lacks merit, we turn to the events leading up to Harris's arrest.

On the evening of August 20, 2001, Omaha Police Officer Bianchi participated in the stakeout of a suspected drug house. Omaha Police Sergeant Kyle, leading the stakeout, confirmed that details about the house and a car parked in the yard matched descriptions given by an informant. During the stakeout, Sergeant Kyle saw Harris and another man leave the house, dispose of one plastic grocery bag, and bring a similar bag with them as they drove away. Sergeant Kyle told Officer Bianchi to follow the car, and called for backup. Officer Bianchi saw the car commit a traffic violation (it turned left by cutting across three lanes of traffic), but because he was alone and in an unmarked police car, Officer Bianchi did not approach the car he was trailing until it parked in front of another house a few minutes later. Officer Bianchi announced his presence, and Harris (the driver) put his hands in the air as instructed. When the passenger reached between his feet, Officer Bianchi was concerned that he had a weapon, but the passenger soon put his empty hands in the air. Marked police cars arrived at the scene and the men stepped out of the car at the officers' direction. While Officer Bianchi was patting down the passenger, Officer Bianchi saw a transparent plastic grocery bag on the passenger side of the car floor. The bag contained crack cocaine. Harris and the passenger were arrested and the crack cocaine was seized.

Harris claims the district court committed error when it denied his motion to suppress the crack cocaine as evidence. United States v. Raines, 243 F.3d 419, 421 (8th Cir.) (standard of review), cert. denied 532 U.S. 1073 (2001). First, Harris argues the crack cocaine was seized during an invalid stop for which Bianchi did not have

reasonable suspicion of criminal activity.  We conclude the stop was valid, though, because Officer Bianchi saw the car commit a traffic violation and thus had probable cause to make the stop.  United States v. Johnson, 58 F.3d 356, 357 (8th Cir. 1996).  Even if  Officer Bianchi had intended to search for drugs, his subjective intent does not undermine the otherwise valid basis for the stop.  Whren v. United States, 517 U.S. 806, 812-13 (1996).

Second, Harris argues the crack cocaine was not in plain view when Officer Bianchi seized it.  Raines, 243 F.3d at 421 (standard of review).  Again, we disagree.  Officer Bianchi was justified in searching for weapons based on a concern for his own safety and the safety of other officers.  United States v. Menard, 95 F.3d 9, 11-12 (8th Cir. 1996).  Because the pat-down of the passenger was justified, Officer Bianchi was properly in the position from which he saw the crack cocaine.  United States v. Snook, 88 F.3d 605, 607 (8th Cir. 1996).  Further, we agree with the district court's finding that the plastic bag  Officer Bianchi saw was sufficiently transparent that the crack cocaine was visible.

Because the district court did not commit error when denying Harris's motion to suppress evidence, we affirm Harris's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-