# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-3364

———————

United States of America,          *
                                   *
            Appellee,              *
                                   *
      v.                           *      Appeal from the United States
                                   *      District Court for the
Gjavit Nedjat Thaqi,               *      Eastern District of Missouri.
                                   *
            Appellant.             *      [UNPUBLISHED]

———————

Submitted: March 5, 2009
Filed:  March 11, 2009

———————

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

———————

PER CURIAM.

In this direct criminal appeal, Gjavit Thaqi challenges the district court's[1] denial of his motion to suppress evidence from a traffic stop and vehicle search, and the sentence imposed upon his guilty pleas to possessing a United States passport knowing it was fraudulently procured, in violation of 18 U.S.C. § 1546, and to possessing and using, without lawful authority, another person's identification during

———————

[1]The Honorable Henry E. Autry, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri.

and in relation to the violation of section 1546, in violation of 18 U.S.C. § 1028A(a)(1). We affirm.

After reviewing for clear error the district court's factual findings and de novo its legal conclusions, see United States v. Bell, 480 F.3d 860, 863 (8th Cir. 2007), we conclude that the district court did not err in finding that the initial stop was supported by probable cause, see United States v. Bloomfield, 40 F.3d 910, 915 (8th Cir. 1994) (en banc) (any traffic violation, however minor, provides probable cause for traffic stop), and that Thaqi's offer to the officers to "go ahead" and search the vehicle amounted to a voluntary consent under the circumstances, see United States v. Saenz, 474 F.3d 1132, 1136-37 (8th Cir. 2007) (describing factors); cf. United States v. Vera, 457 F.3d 831, 836-37 (8th Cir. 2006) (defendant's offer to allow search and spontaneously handing keys to officer were most important in determining voluntariness of consent); see also Schneckloth v. Bustamonte, 412 U.S. 218, 231-33 (1973) (proof of knowledge of right to refuse consent is not prerequisite to demonstrating voluntary consent).

We further conclude that the officers' questions about whether there were drugs and currency in the car did not amount to an illegal detention. This is because during the first few minutes of the stop, the answers that the four occupants of the car gave to the officers' routine questions about their destination and the purpose of their trip aroused suspicion. See United States v. Johnson, 58 F.3d 356, 357-58 (8th Cir. 1995) (reasonable investigation during stop includes asking driver about his destination and purpose; officer may engage in similar routine questioning of passengers to verify information provided by driver, and if responses and circumstances give rise to suspicions unrelated to traffic offense, officer may broaden inquiry and satisfy suspicions); cf. United States v. Olivera-Mendez, 484 F.3d 505, 510-11 (8th Cir. 2007) (officer did not effect unreasonable seizure by asking three brief questions related to possible drug trafficking amidst other traffic-related inquiries and tasks).

For reversal of his sentence, Thaqi contends that it is procedurally unreasonable because the district court failed to articulate its reasoning. The government has filed a motion to dismiss this argument based on an appeal waiver in the plea agreement. We deny the government's motion, because the plea transcript was not made a part of the record on appeal. See Fed. R. Crim. P. 11(b)(1)(N) (before accepting guilty plea, court must determine defendant understands terms of any plea-agreement provision waiving right to appeal); United States v. Mink, 476 F.3d 558, 562 (8th Cir. 2007) (government bears burden of proving defendant's appeal is barred by waiver).

We review for plain error whether the district court sufficiently articulated its reasons for the sentence, because Thaqi's objection to his sentence as "procedurally unreasonable" at sentencing--without further elaboration--did not properly preserve this issue for appeal. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (to preserve error for appellate review, objection must be timely and clearly state grounds for objection; errors not properly preserved are reviewed for plain error only); see also United States v. Gray, 533 F.3d 942, 945 (8th Cir. 2008) (where appellant did not object at sentencing to adequacy of district court's explanation or consideration of 18 U.S.C. § 3553(a), court reviewed objection on appeal for plain error). We conclude that the district court did not commit plain procedural error. See United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008) (sentence is procedurally unreasonable if, among other things, district court treated Guidelines as mandatory, failed to consider § 3553(a) factors, or failed adequately to explain sentence). In imposing the minimum Guidelines sentence, the court recognized the advisory nature of the Guidelines, indicated that it had reviewed the presentence report and the recommended Guidelines sentence, and sentenced Thaqi "pursuant to the Sentencing Reform Act of 1984." Significantly, the court imposed the sentence only after lengthy argument by Thaqi during which he pointed to the sentencing factors under section 3553(a), urged the court to consider his particular circumstances and history, and discussed those matters in detail. See United States v. Roberson, 517 F.3d 990, 994 (8th Cir. 2008) (court's statement of reason for sentence "may be relatively brief if the

district court rests its decision on the Sentencing Commission's reasoning and 'decides simply to apply the Guidelines to a particular case'" (quoting <u>Rita v. United States</u>, 127 S. Ct. 2456, 2468 (2007))); <u>see also</u> <u>Gray</u>, 533 F.3d at 943-44 (district court judges are presumed to know law and understand obligation to consider all § 3553(a) factors; in determining whether district court considered relevant factors, appellate court reviews entire sentencing record, not merely district court's statements at hearing); <u>United States v. Todd</u>, 521 F.3d 891, 897 (8th Cir. 2008) (district court need not mechanically recite § 3553(a) factors, especially when court applies advisory Guidelines range); <u>United States v. Fields</u>, 512 F.3d 1009, 1013 (8th Cir. 2008) (noting district court's awareness of defendant's arguments precludes conclusion that court abused its discretion by failing to consider them).

Accordingly, we affirm.

_____