Hoffman, J., dissenting
 

 I respectfully dissent from the majority opinion. While I concur the "knock and talk" on the front door of Appellant's residence was not a violation of the Fourth Amendment, I find the warrantless intrusion into the curtilage of the home violates the Fourth Amendment.
 

 {¶ 30} I find the cases cited by the majority distinguishable from the instant case. In
 
 United States v. Raines,
 

 243 F.3d 419
 
 , 421 (8th Cir. 2001), the curtilage was surrounded by a "makeshift fence of debris" with a ten foot opening. Because it was a pleasant summer evening and several cars were in the driveway, the officer thought it likely the occupants were in the backyard.
 

 Id.
 

 The officers in the instant case gave no indication they believed Appellant may be enjoying the evening in the backyard, nor were there cars other than Appellant's car in the driveway.
 

 {¶ 31}
 
 Carroll v. Carman,
 
 --- U.S. ----,
 
 135 S.Ct. 348
 
 ,
 
 190 L.Ed.2d 311
 
 (2014) involved a question of an officer's qualified immunity from a homeowner's § 1983 action. The officer testified the sliding glass door, which opened on to a deck, looked like a customary entry, and the jury necessarily found the officer restricted his movement to places where visitors could be expected to go.
 

 Id.
 

 at 349, 351
 
 . In the case at bar, the officers had no reasonable belief the sliding door in back of the house was used by visitors in approaching the home. The area was fenced in, near a pool, and under an upper deck with another sliding door, accessing the main living area of the home.
 

 {¶ 32} In
 
 State v. Young,
 

 2015-Ohio-1347
 
 ,
 
 31 N.E.3d 178
 
 , a window was open and the television was blaring, and thus the court concluded the knock and talk exception justified the officer's decision to walk to the back door and onto the fenced back patio. Similarly, in
 
 Hardesty v. Hamburg Twp
 
 .,
 
 461 F.3d 646
 
 (6th Cir. 2006), officers saw lights go off inside the house as they approached. In this case, the officers did not point to activity inside the house which led them to believe Appellant was inside.
 

 {¶ 33} I find the evidence does not support a reasonable belief Appellant was inside the house sufficient to extend the "knock and talk" to the back sliding door, inside the fenced area. The neighbors reported to police they saw a flashlight coming
 
 from
 
 the house, but not specifically from
 
 inside
 
 the house. Tr. 9. The girls indicated Appellant was chasing them
 
 outside
 
 with a flashlight. Tr. 35. Officers did not point to any signs from inside the residence that would lead them to believe Appellant was inside the house.
 

 {¶ 34} Further, I do not find exigent circumstances for the entrance into the curtilage of the house. During his investigation and prior to entering the residence, Officer Koehler learned the women had voluntarily gone to the residence to hang out with Appellant. They consented to his injecting them with methamphetamine. Officer Koehler conceded the girls were not in any danger of imminent harm at the time the officers entered the residence. Tr. 26. He further conceded he was not given any information Appellant himself injected methamphetamine or overdosed from the injection of methamphetamine.
 

 Id.
 

 The women claimed to fear they would be raped or killed by Appellant, but were clearly no longer in danger upon the arrival of law enforcement.
 

 {¶ 35} While the women stated they found a purse containing a gun inside the residence and a shotgun in one of the bedrooms, they did not observe another person in the residence, and did not claim to be in harm or afraid of another person. Rather, they claimed to be afraid of or in danger from Appellant alone. I would find the exigent circumstances exception does not apply herein as the officers did not have reason to believe Appellant was in imminent danger or posed an imminent danger to another person.
 

 {¶ 36} Accordingly, I would conclude the evidence is not admissible under the plain view exception as the officers were not
 lawfully on the premises at the time the evidence was in view. I would sustain the assignment of error and reverse the judgment of the trial court overruling Appellant's motion to suppress.