**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2538-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GARVENS ALEXANDRE, a/k/a
ALEXANDRE GARVIN,
ALEXANDRE GARVINS, and
ALEXANDRE GARVEN,

    Defendant-Appellant.

_____

Submitted May 13, 2020 – Decided June 8, 2020

Before Judges Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 17-08-0556.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele E. Friedman, Assistant Deputy Public Defender, of counsel and on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following the denial of his motion to suppress evidence seized from his vehicle without a warrant after a motor vehicle stop, defendant entered a negotiated guilty plea to unlawful possession of a controlled dangerous substance, namely alprazolam or Xanax, with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(13).  He was sentenced in accordance with the plea agreement to three years' probation conditioned upon serving 180 days at the county jail at the end of the probationary term.

Defendant now appeals from the September 6, 2018 memorializing judgment of conviction, raising the following single point for our consideration:

> BECAUSE THE COURT ERRED IN FINDING THAT A DIMMED HEADLIGHT CREATED REASONABLE SUSPICION SUFFICIENT TO JUSTIFY STOPPING THE CARAVAN, THIS MATTER MUST BE REMANDED FOR A NEW ANALYSIS OF REASONABLE SUSPICION, ABSENT THE IMPROPER CONSIDERATION OF THE HEADLIGHT.

After reviewing the record and the applicable legal principles, we find no merit to defendant's contention because the judge's finding of reasonable suspicion did not rely exclusively on "a dimmed headlight."  Rather, in denying defendant's suppression motion, Judge Candido Rodriguez, Jr. determined that defendant's car was "lawfully stopped . . . because of the various motor vehicle

violations committed by defendant."  We therefore affirm substantially for the reasons stated in Judge Rodriguez's comprehensive and well-reasoned written opinion issued on June 20, 2018.  We add these comments.

At the suppression hearing, Officer Luciano Porto testified for the State. Based on his testimony, which the judge found "credible,"[1] Judge Rodriguez made the following key factual findings:

> On March 23, 2017, at approximately 9:18 p.m., Elizabeth Police Officers Eric Gora and Luciano Porto were patrolling the high crime area of Walnut Street and Magnolia Avenue in Elizabeth . . . .  While on patrol, Officer Porto testified that he observed a Dodge Grand Caravan . . . traveling west on Magnolia Avenue approaching Walnut Street.  The vehicle was traveling at a high rate of speed over [twenty-five] miles per hour.[2]
>
> Officer Porto also observed that the passenger side headlight was partially inoperable, and that neither the driver[3] nor passenger in the vehicle had a fastened seatbelt.  The police officers positioned their police vehicle behind the Dodge . . . and the [o]fficers could see the driver and passenger moving about the cabin. This caused the Dodge . . . to jerk to the right, almost

---

[1]  The officer's testimony was also supported by the body camera footage that the judge viewed.

[2]  Porto testified the posted speed limit on Magnolia Avenue was twenty-five miles per hour.

[3]  The driver was identified as defendant.  "The [o]fficers and [d]efendant[] were familiar with each other from prior investigations."

A-2538-18T3

striking a parked vehicle. At this time, the [o]fficers activated their overhead lights and siren to conduct a motor vehicle stop. The Dodge . . . came to a complete stop in front of 1215 Magnolia Avenue . . . .

Upon approaching the Dodge, Gora detected "a strong smell of marijuana emanating from the vehicle," and asked defendant, who "was visibly nervous," to "step out of the vehicle in order to conduct a search." Initially, defendant "refused to step out of the vehicle" and "requested that a supervisor be brought to the scene." When defendant eventually "stepped out [of the vehicle,] an odor of marijuana emanated from [his] person." As a result,

Gora proceeded to search defendant . . . and located two unmarked prescription pill bottles in his jacket's pockets. Recovered from inside the first bottle were [fifty-seven] Alprazolam pills. Inside the second pill bottle, the police located . . . a total of [twenty-five] glassine envelopes containing suspected heroin, . . . suspected cocaine packaged in [twenty-five] pink tinted baggies[,] and . . . one knotted plastic bag containing suspected marijuana. Defendant . . . had $915 in his possession . . . . A search of the Dodge . . . proved negative for further contraband.[4]

---

[4] The passenger was also ordered to step out of the vehicle once Gora determined that he "had an active warrant." As the passenger exited the vehicle, he "attempted to [discreetly] drop onto the ground a knotted sandwich baggie, containing various medium sized Ziploc baggies of suspected marijuana," which was "immediately recovered" by Porto. Following the encounter, defendant was issued several motor vehicle summonses, including careless driving, N.J.S.A. 39:4-97, failure to maintain headlamps, N.J.S.A. 39:3-66, and failure to wear a seatbelt, N.J.S.A. 39:3-76.2f.

A-2538-18T3

Judge Rodriguez determined that as a result of their "personal observations," the "officers lawfully stopped defendant's vehicle" based on their objectively reasonable and articulable suspicion that the driver committed a motor vehicle violation. See State v. Scriven, 226 N.J. 20, 33-34 (2016) ("Under both the Fourth Amendment and Article I, Paragraph 7 [of the New Jersey Constitution], ordinarily, a police officer must have a reasonable and articulable suspicion that the driver of a vehicle . . . is committing a motor-vehicle violation . . . to justify a stop." (citing State v. Locurto, 157 N.J. 463, 470 (1999))).

In support, Judge Rodriguez pointed to the fact that defendant was "traveling at a high rate of speed, the passenger's headlight was partially inoperable, neither the driver [n]or the passenger had a fastened seatbelt, and [d]efendant['s] . . . car jerked to the right, almost striking a parked vehicle." See State v. Pitcher, 379 N.J. Super. 308, 315 (App. Div. 2005) ("In evaluating the sufficiency of the basis for a stop . . . , courts consider the totality of the information available to the officer at the time of the conduct."); State v. Arthur, 149 N.J. 1, 7-8 (1997) ("[T]he officer 'must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion.'" (second alteration in original) (quoting Terry v. Ohio, 392 U.S. 1, 21 (1969))).

Further, the judge found that "the officers lawfully detained defendants" to investigate based on the fact that "[t]he motor vehicle stop occurred in a high crime area," defendant "bec[a]me visibly nervous . . . during the traffic stop," and Officer Gora "almost immediately detect[ed] an odor of raw marijuana emanating from the vehicle." See State v. Dickey, 152 N.J. 468, 479-80 (1998) ("If, during the course of the stop or as a result of the reasonable inquiries initiated by the officer, the circumstances 'give rise to suspicions unrelated to the traffic offense, an officer may broaden [the] inquiry and satisfy those suspicions.'" (alteration in original) (quoting United States v. Johnson, 58 F.3d 356, 357-58 (8th Cir. 1995))).

According to the judge, "not only did the officers validly stop the vehicle after witnessing [d]efendant . . . commit various traffic infractions, but once the vehicle was stopped the [o]fficers acquired probable cause based on plain smell." See State v. Walker, 213 N.J. 281, 290 (2013) ("New Jersey courts have recognized that the smell of marijuana itself constitutes probable cause 'that a criminal offense ha[s] been committed and that additional contraband might be present.'" (quoting State v. Nishina, 175 N.J. 502, 515-16 (2003) (alteration in original))). The judge concluded that "[g]iven the totality of the circumstances," the stop, search and seizure were constitutionally permissible.

On appeal, defendant only challenges the motor vehicle stop. He argues that because Porto's testimony that "[defendant] violated the headlight statutes" was deficient, the judge's "reasonable-suspicion calculus was erroneous, and the matter must be remanded for a proper determination of whether reasonable suspicion existed absent the flawed inclusion of the partially-illuminated headlight." Specifically, according to defendant, there was no testimony that the light from the headlight failed to project a distance of 500 feet as required under N.J.S.A. 39:3-48(b).[5] However, even without Porto's testimony regarding the headlight violation, there remains ample reasonable suspicion that defendant committed a motor vehicle infraction to justify the stop from the other violations observed by the officers and found by the judge.

We conclude there was sufficient credible evidence in the record to support Judge Rodriguez's factual findings. See State v. Boone, 232 N.J. 417, 425-26 (2017) ("An appellate court reviewing a motion to suppress evidence in

_____

[5] Even if there was a mistake on the part of Porto, based on our decision, we need not address whether the officer's reasonable suspicion that defendant violated the headlight statute constituted a "mistake-of-fact" or "a mistake of law." State v. Sutherland, 231 N.J. 429, 439 (2018). If the former, "the State need prove only that the police lawfully stopped the car, not that it could convict the driver of the motor-vehicle offense." State v. Williamson, 138 N.J. 302, 304 (1994). See also State v. Locurto, 157 N.J. 463, 470 (1999) (noting that the State is not required to prove that the motor vehicle violation occurred in order to meet the standard of reasonable suspicion).

a criminal case must uphold the factual findings underlying the trial court's decision, provided that those findings are 'supported by sufficient credible evidence in the record.'" (quoting State v. Scriven, 226 N.J. 20, 40 (2016))). We also agree with the judge's legal conclusions, which we review de novo. See State v. Brown, 456 N.J. Super. 352, 358-59 (App. Div. 2018) ("We owe no deference, however, to conclusions of law made by trial courts in deciding suppression motions, which we instead review de novo." (citing State v. Watts, 223 N.J. 503, 516 (2015))). Defendant's contrary arguments do not warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2538-18T3